# United States District Court
# District of Massachusetts

UNITED STATES OF AMERICA,

      V.                     MAGISTRATE JUDGE'S DOCKET
                                 NO. 2008-M-0122RBC

FRANCIS KINCMAN,
      Defendant.

## MEMORANDUM AND ORDER
## ON MOTION TO STRIKE THE
## RESULTS OF THE BREATHALYSER TEST

COLLINGS, U.S.M.J.

The defendant has moved to strike the results of the breathalyser test in this case. A trained operator testified at trial as to the administration of the test and testified that the machine was certified. Further, he testified that the machine performed properly. The machine used in this case was the Alcotest Model 7110 MKIII-C.[1] The Court does not believe that it is the Government's

---

[1] *See* #5 at 5; #1.

burden to show that the machine worked properly in all of the tests which preceded the test on this defendant, although the operator testified that it worked properly when he used it two days before doing the test on Mr. Kincman.

On these facts, based on the Court's opinion in *United States v. Hamblen-Baird,* - F. R.D. - , 2010 WL 1036678 (D. Mass., Mar. 22, 2010), the results of the test were admissible.[2]

I find that the operator did observe the defendant for twenty minutes and then he, the Ranger and the defendant proceeded to the room in which the machine was located.[3]  I find that during the time of observation, nothing occurred which would compromise the test results.

I find that the defendant was advised on his right to get a blood test of his own done at his own expense within a reasonable time.  I rule that there is nothing which obliges the Park Ranger to transport the defendant to a place where such a test could be administered. *See* 36 C.F.R. 4.23(d)(2).

---

[2]

The case cited by defendant's counsel, *i.e.*, *People of the Territory of Guam v. Sandbergen,* 1985 WL 5655\75 (D. Guam A.D., Jul. 24, 1985), is inapposite as it concerns a local court in Guam applying that territory's local law.  It does not deal in any way with the regulations of the Park Service at issue in the instant case.

[3]

*See* #5 at 14.

Accordingly, it is ORDERED that defendant's motion to strike be, and the same hereby is, DENIED.

The Court shall schedule the case for final argument on the two Violation Notices as to which a verdict has not been rendered.

*/s/ Robert B. Collings*

ROBERT B. COLLINGS
United States Magistrate Judge

March 24, 2010.